# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MARY SALARD, AS TUTRIX OF L.A.S. AND S.S. | CIVIL ACTION NO. 10-749 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GREG A. SALARD | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment filed by the Defendant Greg Salard. [Record Document 4]. The motion is opposed. For the reasons discussed herein, the Defendant's Motion for Summary Judgment is **GRANTED**.

## FACTUAL BACKGROUND

This suit arises out of the alleged sexual abuse of L.A.S. and S.S. by their father, Greg A. Salard. [Petition at ¶¶ 5-7]. Mary Salard, as the natural tutrix of L.A.S. and S.S., filed suit in the First Judicial District Court, Parish of Caddo on April 12, 2010. See Petition. Greg Salard, now a resident of Alaska, removed this action on May 5, 2010. See Record Document 1. No parties have contested the removal of this action. Plaintiffs seek "compensatory and exemplary damages under C.C. art. 2315.7, as he [Greg Salard] committed the torts of battery and intentional infliction of emotional distress upon them in the form of sexual abuse." [Petition at ¶5].

The Petition alleges that "for approximately four (4) years Defendant on numerous occasions showed L.A.S. pornography and placed his mouth of [sic] her genitalia for his own sexual stimulation. He also forced her to put his penis in her mouth and he ejaculated." [Petition at ¶6]. Further, Plaintiffs contend that "on at least one occasion he

exhibited his penis to S.S. and asked her, for his sexual stimulation, to touch it. He also placed his mouth on S.S.'s genitalia for his sexual stimulation." [Petition at ¶7]. There is no indication of the dates when the abuse occurred, but Defendant was precluded from having any contact with his minor children on August 6, 2008. [Petition at ¶4]. For the purposes of this motion, this Court assumes the alleged abuse occurred before Greg Salard filed for bankruptcy on August 28, 2009.

Before this instant action was filed, the Defendant filed a Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the District of Alaska. [Record Document 4-2 at 2]. The following facts are uncontroverted:

> 8. On August 31, 2009, the bankruptcy court issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines." That Notice was mailed to Mary [Salard] on that Date.
> 9. That Notice states, in bold print, that: "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine the Dischargeability of Certain Debts: 12/21/09."
> 10. On December 21, 2009, the Alaska bankruptcy court extended the deadline to file a complaint to deny discharge until January 31, 2010.
> 11. On February 1, 2010, the Alaska bankruptcy court again extended the deadline to file a complaint to deny discharge until February 28, 2010.
> 12. On December 28, 2009, Mary [Salard] filed a letter into the bankruptcy proceeding.
> 13. The Alaska bankruptcy court granted Greg's discharge on May 10, 2010.

[Record Document 4-2 at 2-3]. No timely claims were filed against Greg Salard by Mary Salard on behalf of L.A.S. or S.S. and consequently his debts were discharged.

Greg Salard moves for summary judgment: "[b]ecause (1) the cause of action asserted by Mary arose prior to the filing of Greg's bankruptcy, (2) Mary did not file a complaint objecting to the dischargeability of this alleged debt, and (3) Mary had actual

notice of the bankruptcy. Mary's cause of action was discharged in the bankruptcy and is extinguished as to Greg as a matter of law." [Record Document 4 at 5].[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56 requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated

---

[1] In Defendant's Reply, Greg Salard argues that "Louisiana law is clear that the administrative decision of the State of Arkansas is *res judicata* to Mary's claim regarding L.A.S." [Record Document 12 at 7]. The issue of *res judicata* was never explicitly raised in the Motion for Summary Judgment. [Record Document 4]. Accordingly, the issue is not fully briefed and not properly before this Court. This Court declines to rule on this issue at this time.

assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

## LAW AND ANALYSIS

L.A.S.'s and S.S.'s claims arise from the alleged sexual abuse that they endured prior to the filing of Greg Salard's bankruptcy petition.

"A child remains under the authority of his father and mother until his majority or emancipation." LA. CIV. C. art. 216. "The father is, during the marriage, administrator of the estate of his minor children and the mother in case of his interdiction or absence . . . This administration ceases at the time of majority or emancipation of the children, and also ceases upon judicial separation from bed and board either of the father from the mother or of the mother from the father." LA. CIV. C. art 221. "Fathers and mothers owe protection to their children . . . ." LA. CIV. C. art 235. "The minor not emancipated is placed under the authority of a tutor after the dissolution of the marriage of his father and mother or the separation from bed and board of either one of them from the other." LA. CIV. C. art. 246. It is uncontroverted that Greg Salard and Mary Salard were divorced on February 26, 2007. See Record Document 4-2. "Tutorship by nature takes place of right, but the natural tutor must qualify for the office as provided by law." LA. CIV. C. art. 248. "Upon divorce, the tutorship [of nature] of each minor child belongs of right to the parent under whose care he or she has been placed or to whose care he or she has been entrusted; however, if the parents are awarded joint custody of a minor child, then the cotutorship of the minor child shall belong to both parents with equal authority, privileges, and responsibilities . . . ." LA. CIV. C. art 250. The Court finds, consistent with Louisiana state law, that from the date of

divorce, February 26, 2007, until the Caddo Parish Juvenile Court terminated joint custody on August 6, 2008, Greg Salard and Mary Salard were natural cotutors. See Record Documents 4-2 and 1-2. However, upon the termination of joint custody, Mary Salard became the sole natural tutrix of L.A.S. and S.S. See LA. CIV. C. art. 250. As the Louisiana Supreme has made clear the only way to notify a ward is through his tutor. Hall v. Courtney, 165 So. 458 (La. 1935).

Initially, this Court must determine when Mary Salard became aware or should have been aware of the alleged abuse giving rise to these claims of sexual abuse. According to Mary Salard's Motion to Terminate Joint Custody and For Other Incidental Matters, she became aware of the abuse to L.A.S. in the summer of 2007 when L.A.S. "began to relate to investigators that her father was making her 'do things' to him (oral sex) and that he would do things to her private parts (oral sex)." [Record Document 4-3 at 1]. Armed with these allegations, Mary Salard sought to terminate joint custody on December 14, 2007. See Record Document 4-3. This Court notes that this motion did not relate any allegations of abuse of S.S. From her own filings in Louisiana state court it is apparent that Mary Salard, beginning in the summer of 2007, was on notice that L.A.S. was making allegations of sexual abuse. With that knowledge, Mary Salard, as the mother and eventual natural tutrix of S.S., was under a duty to conduct a timely and reasonable inquiry to discover if S.S. had similar claims of sexual molestation. See Corcoran v. Alonzo, 749 So.2d 708, 711 (La. App. 5th Cir. 1999).

L.A.S. and S.S. have identified 11 U.S.C. § 523(a)(6) as a basis for excepting Greg Salard's debt from discharge, asserting that a claim arising from the sexual abuse of a minor is a debt for a willful and malicious injury. [Record Document 10 at 6-7].

Unfortunately, § 523(a)(6) is one of the three exceptions to discharge which are not self-effectuating. Section 523(c) provides that the debts described in § 523(a)(6) along with those described in subsections (a)(2) and (4) are discharged unless the bankruptcy court determines that the debt is excepted from discharge. Federal Rule of Bankruptcy Procedure 4007(b), (c) provides that a complaint requesting the bankruptcy court to make such a determination must be filed no later than 60 days after the first date set for the meeting of creditors. Obviously, that time expired before L.A.S. and S.S. filed their complaint. Thus, any claim that was based solely on § 523(a)(6) is time-barred.

However, Congress has specifically provided for situations like this one. It created a separate exception to discharge, which is self-effectuating, for any debt 11 U.S.C. § 523(a)(3)(B). According to this section of the Bankruptcy Code,

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> . . .
> > (3) neither listed nor scheduled under section 521(c) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–
> > . . .
> > > (B) if such debt is a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(B). The Fifth Circuit has interpreted this statute to mean:

> §523(c) of the Code, which Rule 4007 is designed to implement , places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability. The one narrow exception to this rule

> incorporates a duty-to-inquire approach to notice issues. Under § 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor *and* the creditor had no notice or *actual knowledge* of the case in time to file a claim and a request for determination of dischargeability.

Neeley v. Murchison, 815 F.2d 345, 347 (5th Cir. 1987).

From a review of Greg Salard's bankruptcy filing, there is no indication that his children, L.A.S. or S.S., were ever listed as creditors of his estate. See Record Document 4-3 at 19-74. Thus, Greg Salard failed to schedule these creditors in violation of 11 U.S.C. § 523(a)(3)(B);however, the analysis does not stop there, since the Fifth Circuit used the conjunctive "and" and not the disjunctive "or." The Court must inquire as to whether L.A.S. and S.S. had notice or actual knowledge of the bankruptcy case in time to file a claim.

With regard to the sufficiency of the notices to L.A.S. and S.S., "[t]he debtor bears the initial burden under § 523(a)(3) regarding adequacy of notice." In re Harbaugh, 301 B.R. 317, 320-21 (8th Cir. BAP 2003). Moreover,

> [a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably calculated to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance. . . . But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.'
>
> But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (internal citations omitted). "A creditor has sufficient notice of bankruptcy proceedings even if there is no formal notice given of the filing deadlines, if he receives notice in time to act prior to the filing deadlines." Doucette v. Pannell (In re Pannell), 136 B.R. 430, 434 (N.D.Tex.1992).

"[W]here a creditor receives any notice that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected, and ignores the proceedings to which the notice refers at its peril." Grossie v. Sam (In re Sam), 94 B.R. 893, 897 (Bankr.W.D.La.1988), aff'd, 894 F.2d 778 (5th Cir.1990). In In re Sam, the creditor became aware of the debtor's bankruptcy case eighteen days prior to the bar date to file objections to discharge, but filed a "motion objecting to the discharge of his claim" after the bar date had passed. Grossie v. Sam (In re Sam), 894 F.2d 778, 778-79 (5th Cir.1990). The Fifth Circuit indicated that "[w]hen a creditor is aware of the pendency of bankruptcy proceedings, the imposition of a duty on the part of the creditor to make an inquiry to determine the date of the first meeting of creditors, and to consult Bankruptcy Rule 4007(c) and calculate the bar date (sixty days after the date set for the initial creditors' meeting) is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases." Id. at 781. The creditor in In re Sam had received a notice of automatic stay eighteen days prior to the bar date, and the Fifth Circuit found that this notice was enough to create "'actual knowledge of the case' necessary to permit him to take steps to protect his rights." Id. at 781-82. See also In re Alton, 837 F.2d 457, 460 (11th Cir.1988) ("The statutory language of [section 523(a)(3)(B)] clearly contemplates that mere

knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not the creditor received official notice from the court of various pertinent dates.") (cited with favor by In re Compton, 891 F.2d 1180 (5th Cir.1990)).

There is no Fifth Circuit precedent that addresses the precise issue before this Court: is notice or actual knowledge of the tutrix of a minor child sufficient "notice" under 11 U.S.C. § 523(a)(3)(B)? The Seventh Circuit has tangentially addressed this issue in In re Chicago Rock Island and Pacific Railroad Co., 788 F.2d 1280 (7th Cir. 1986). In that instance, the court stated "[a]ctual notice to minor's parent is sufficient in the absence of circumstance suggesting otherwise." Id. at 1283. It appears that the Eighth Circuit has also adopted this approach. See In re Harbaugh, 301 B.R. 317 (8th Cir. BAP 2003), as the court stated: "[t]he fact issue of whether Ms. Le Grand, in her capacity of next friend to Taryn Le Grand, had notice or actual notice of the case in time for timely filing a dischargeability complaint is still open and may be the subject of an adverse proceeding based on 11 U.S.C. § 523(a)(3)(B)." Id. at 321. This appears to be an implicit adoption of the Seventh Circuit's position. The Ninth Circuit has also recognized the issue as unresolved, but remanded the case to the bankruptcy court to make a ruling in the first instance. In re McGhan, 208 F.3d 1172 (9th Cir. 2002).

The Plaintiffs have presented this Court with a lone case from the Eighth Circuit that allegedly supports their position that failing to schedule a creditor is enough to defeat the discharge of a claim. See In re Mitchell, 418 B.R. 282 (8th Cir. BAP 2009). However, in In re Mitchell, the issue was not notice. Id. at 287 ("Since no one claims that Benjamin had actual knowledge of the case in time to timely file a complaint under § 523(c), Benjamin's claim for an exception to discharge has two components."). Here, the Defendant argues

Page 9 of 12

and Mary Salard concedes that she had both notice and actual knowledge.

The Court finds no particular guidance from these cases and thus turns to the broad rules established by the Fifth Circuit and the Supreme Court to interpret 11 U.S.C. § 523(a)(3)(B). As the Supreme Court stated in Mullane, "But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." 339 U.S. at 314-15. Mary Salard has made it very clear through her briefing that under Louisiana law she is the only person who can bring legal actions in the name of L.A.S. and S.S. as their natural tutrix. See Record Document 10 at 2. This Court agrees. ("An unemancipated minor does not have the procedural capacity to sue." LA. C. CIV. P. art. 683(a)). This very argument is fatal to L.A.S. and S.S.'s claims because this Court is compelled to find that L.A.S. and S.S. had notice of Greg Salard's bankruptcy because Mary Salard, who is their natural tutrix, had notice and actual knowledge of Greg Salard's bankruptcy. The record indicates that Mary Salard had knowledge of the alleged sexual abuse of L.A.S. as early as the summer of 2007 and thus knew a possible claim existed against Greg Salard. See Record Document 4-3. Mary Salard had ample time to contest the discharge of L.A.S. and S.S.'s claims, but failed to do so.[2]

Upon finding that L.A.S. and S.S., through their tutrix, had "notice or actual knowledge" of the bankruptcy proceedings against Greg Salard, there is no need to determine if the alleged claims rise to the level of "wilful and malicious" injuries as

---

[2]The Court notes that L.A.S. and S.S. may have a claim for negligence against their tutrix for failing to preserve their claims against Greg Salard. However, L.A.S. and S.S. may have only one year from the date each attains the age of majority to pursue any such claims against their tutrix.

contemplated by § 523(a)(6) of the Bankruptcy code. The claims of L.A.S. and S.S. are discharged and thus summary judgment is appropriate without further consideration.

Given the nature of these claims this Court is not insensitive to the impact of this ruling. However, Mary Salard, as natural tutrix for L.A.S. and S.S. had notice and actual knowledge of the bankruptcy proceedings and its effects, as evidenced by the letter that she sent to the Bankruptcy Court for the District of Alaska on December 28, 2009. [Record Document 4-3 at 82]. This letter makes no mention of the claims of her minor children. This Court is bound by the statutory language of the Bankruptcy Code and this circuit's interpretation of "notice or actual knowledge." While this Court fully appreciates and understands the effect that this ruling will have on the claims asserted by Mary Salard as natural tutrix of L.A.S. and S.S., it cannot act on the basis of sympathy or compassion for the plight of the injured minors.

Unlike courts of equity, this is a court of law, and, consequently, this Court must dispassionately apply the law equally to all cases and controversies that come before it, no matter how disturbing the claims may be. Under the rule of law, Justitia cannot lift her blindfold to see who is before her. Therefore, there is no genuine dispute of material fact. The claims of L.A.S. and S.S. were legally and finally discharged on May 10, 2010.

## CONCLUSION

After careful consideration of the briefs and exhibits filed, the Court finds there are no genuine disputes of material fact regarding the discharge of L.A.S. and S.S.'s claims against their father. Finding that Mary Salard, as natural tutrix of L.A.S. and S.S., had notice and actual knowledge of Greg Salard's bankruptcy proceedings in sufficient time to object to the discharge of L.A.S. and S.S.'s claims, Defendant's motion for summary judgment [Record Document 4] shall be **GRANTED** and Plaintiffs' claims shall be **DISMISSED WITH PREJUDICE.**

A Judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 10th day of March, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE